IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30506
Summary Calendar
_____

ELMO JAMES BICKHAM,

Plaintiff-Appellant,

versus

ED C. DAY, JR.; DUANE BLAIR;
ROBERT C. TANNER; JOHN TULLOS;
TOMMY M. BRUMFIELD; DENNIS WHEAT;
MICHAEL TODD; RICHARD STEADMAN;
ERIC MANNING; STEVEN ADCOX; DARRYL
MIZELL; PATRICK LEEMAN; WILLIAM DUNAWAY;
WILLIAM MARTIN, III; JESSIE WILLIAMS;
ROYCE MCGHEE; JAMES HARRY; WAYNE SWAMMER;
RONNIE SEAL; WALTER MILLER; MIKE LEBO;
MELVIN GARRETT; JIMMY MILLER,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-805-T
--------------------
October 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Elmo James Bickham, Louisiana prisoner number 406960,
appeals the magistrate judge's denial of his motion to proceed in
forma pauperis (IFP) on appeal following the grant of the
defendants' motion for summary judgment and the sua sponte

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissal of some of Bickham's claims as frivolous. By moving for IFP status, Bickham is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is frivolous and is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Bickham has failed to show that the claims that were dismissed present nonfrivolous issues for appeal. Accordingly, the district court's order certifying that the appeal is frivolous is upheld. Bickham's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a "strike" for purposes of § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). This is Bickham's second "strike." Bickham is warned that if he accumulates one more "strike" pursuant to § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.